UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0840 GAF (FFMx) | Date | October 8, 2009 |
|---|---|---|---|
| Title | Roger Walton v. Federal Express et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **(In Chambers)**

**AMENDED ORDER RE: MOTION FOR SUMMARY JUDGMENT**

**I.**
**INTRODUCTION AND BACKGROUND**

Roger Walton, a former Federal Express ("FedEx") employee, began his employment with the company as an at-will employee in 1987. By 1998, Walton concluded that he was being underpaid given the work he was performing and began a campaign seeking a transfer to a higher paying job or a reclassification of his duties to permit him to receive more money in his current position. Despite his efforts, Walton claims that no action was taken until 2005. In 2005, Walton took a stress disability leave. FedEx agreed to allow Walton, who lived in San Bernardino, to transfer to its Ontario facility so that he could avoid commuting to work in Torrance, and promoted him to shuttle driver which resulted in a modest pay increase. However, Walton contends that he was expressly promised that, if he accepted the transfer, he would (1) receive back pay for the years that he was misclassified and underpaid; and (2) would be given a larger raise based on his new classification in light of his prior service and experience with the company. He also complains that he was required to use his personal vehicle without reimbursement to perform his duties, while all other shuttle drivers used company owned vehicles.

Based on these allegations, Walton filed this lawsuit in which he alleges breach of express contract, breach of implied contract, breach of the covenant of good faith and fair dealing, and promissory estoppel. The suit arises entirely out of the promises that were allegedly made in 2005 regarding his transfer to the Ontario facility.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0840 GAF (FFMx) | Date | October 8, 2009 |
| --- | --- | --- | --- |

| Title | Roger Walton v. Federal Express et al |
| --- | --- |

Federal Express contends that the lawsuit fails in its entirety because it is barred either by the two year statute of limitations on an oral contract or by the six month statute of limitations applicable to grievances described in the parties' employment agreement. Federal Express further contends that the claims should be dismissed because Walton's employment agreement could not be modified except in writing and that his implied contract and promissory estoppel theories provide no way around the express contractual limitation.


**II.**
**DISCUSSION**


**A. STATUTE OF LIMITATIONS**


In July 2005, Walton took a leave of absence due to stress and a heart condition. During that period, Walton claims that he spoke with Tim Wertner, the Federal Express District Managing Director, who agreed to transfer Walton to the Ontario station to shorten Walton's commute, to promote him to shuttle driver, and to grant him a pay exception including back pay. When Walton returned to work in late August 2005, the Senior Operations Manager at the facility indicated that he would make the pay adjustments per Wertner's promise. This conversation occurred just prior to Walton's promotion to shuttle driver on September 30, 2005. However, Walton did not receive the pay exception and raised the issue on three separate occasions with Wertner over the next several months. Walton also tried to discuss the situation with Wertner's boss, Tim Corbin, but was told that Wertner would handle the situation. Wertner promised Walton that he would address the issue in writing, but never did.

Suit was filed in this case on December 19, 2007. Federal Express contends that a contractually based 6 month statute of limitations applies, that Walton knew that his claim of breach had been rejected no later than April 2007, and that he did not file suit until nearly eight months later. Moreover, if the Court disagrees with that contention, Federal Express argues that the two year statute of limitations for breach of oral promise, Cal. Civ. Code § 339(1), applies and that this suit was filed more than two years after the alleged September 2005 breach. For these reasons, Federal Express contends that the case should be dismissed without any need to reach the merits of the claims.

Walton responds that the 6 month statute of limitations is unconscionable, but even if it were not, he argues the statute cannot begin running until after Walton had exhausted his internal administrative procedures. On April 19, 2007, Walton initiated a complaint with Federal Express's EEO office alleging racial discrimination. By letter dated July 10, 2007, Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0840 GAF (FFMx) | Date | October 8, 2009 |
|---|---|---|---|

| Title | Roger Walton v. Federal Express et al |
|---|---|

Express notified him the investigation had concluded.  Therefore, Walton argues, the statute was tolled during the almost three months that the investigation was pending.  The Court considers the statute of limitations argument below.

### 1. The Contractual Statute of Limitations

Federal Express contends that its employment agreement with Walton incorporates a statute of limitations regarding legal disputes between the parties.  The language in paragraph fifteen reads:

> This agreement constitutes the entire and final agreement between the parties and all other prior agreements, arrangement, or understandings, oral or written, are merged into and superseded by the terms of this agreement.  To the extent the law allows an employee to bring legal action against Federal Express corporation, I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first.

Plaintiff contends that this term should not be enforced because it is unconscionable.  The Ninth Circuit, applying California case law, has definitively ruled on this issue.  See Soltani v. W. & So. Life Ins. Co., 258 F.3d 1038, 1042-45 (9th Cir. 2001) ("[T]he weight of California case law strongly indicates that the six-month limitation provision is not substantively unconscionable."); see also Order of United Commerical Travelers v. Wolfe, 331 U.S. 586, 608 (1947).  Soltani noted that numerous cases from the Ninth Circuit and other jurisdictions have noted that Title VII and the LMRA have similar six-month limitations periods.  258 F.3d at 1044.  Thus, the six month limitation is enforceable.

The question, then, is whether the statute of limitations establishes a defense to Walton's lawsuit.  Federal Express contends that, since the operative complaint contains the allegation that Walton concluded in April 2007 that he had been strung along for two years, the statute of limitations began to run at that time.  However, in April 2007, Walton pursued administrative remedies for alleged racial discrimination under an internal dispute resolution procedure, which he contends tolled the running of the statute of limitations for the duration of that process until Federal Express rejected his claim in July 2007.  Federal Express contends that the statute of limitations should not be tolled because the dispute resolution procedure was not mandatory, citing language in the employment agreement indicating when the procedure may be used.  However, that language only describes the range of issues subject to the procedure and does not contradict the description of the procedure itself which states:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0840 GAF (FFMx) | Date | October 8, 2009 |
|---|---|---|---|
| Title | Roger Walton v. Federal Express et al | | |

(12) DISPUTE RESOLUTION PROCEDURE: . . . I AGREE AND I UNDERSTAND THAT I *MUST* USE THE APPROPRIATE FEDERAL EXPRESS POLICIES TO RESOLVE MY WORK-RELATED COMPLAINTS . . . . THE *EXCLUSIVE REMEDY* AS TO ALL DISPUTES AND DECISIONS RESULTING FROM USE OF THESE POLICIES WILL BE FINAL AND BINDING ON THE COMPANY AND ME.

(Steffey Decl. Ex. A [Employment Agreement at 8] (bold and italics added).) In the Court's view, this language makes the remedy mandatory for certain claims, including the discrimination claim presented to the company in April 2007.

In these circumstances, California law favors the application of an equitable tolling rule. The Supreme Court of California has repeatedly held that, even where an employee *voluntarily* pursues an internal administrative remedy prior to filing suit, the principle of equitable tolling will "'suspend the statute of limitations *even though no statute makes it a condition of the right to sue.*'" McDonald v. Antelope Valley Community College District, 84 Cal. Rptr. 3d 734, 742 (Cal. 2008) (quoting Campbell v. Graham-Armstrong, 107 Cal. Rptr. 777, 790 (Cal. 1973) (emphasis in McDonald)); accord Elkins v. Derby, 12 Cal. 3d 410, 414 (Cal. 1974).

In McDonald, the Supreme Court explained its "judicially created equitable tolling rule" as requiring the showing of three elements: "'timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.'" 84 Cal. Rptr. 3d at 743 (quoting Addison v. State of California, 21 Cal. 3d 313, 319 (Cal. 1978)). Timely notice means the first claim was filed within the statutory period. McDonald, 84 Cal. Rptr. 3d at 743, n.2 (citing Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983)); see Elkins, 12 Cal. 3d at 417-18. The second requirement of lack of prejudice to the defendant "'essentially translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second.'" Id. (quoting Collier, 142 Cal. App. 3d at 925); see Elkins, 12 Cal. 3d at 412 (holding statute of limitations was tolled where the tort claims in plaintiff's civil action sought recovery for the same injuries that prompted his earlier workers compensation claim). The third requirement of good faith and reasonable conduct is less defined but may be related to how promptly after the first action is resolved that the plaintiff files the second action. See id.; see also Addison, 21 Cal. 3d at 319. These elements have been established in this case. Walton initiated the internal process immediately after "FedEx finally informed Walton that it would not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0840 GAF (FFMx) | Date | October 8, 2009 |
|---|---|---|---|
| Title | Roger Walton v. Federal Express et al | | |

reimburse him for the requested back pay or increase his salary based on the new classification commensurate with his experience." (FAC ¶ 11). He pursued his internal remedies for his racial discrimination claim, which while distinct from the contract claims brought before this Court, is based on the same alleged behavior. Walton then filed this lawsuit within six months after exhausting his internal remedies. Accordingly, the doctrine of equitable tolling applies. Counting from April 17, 2007, the date on which Federal Express informed Walton it would not fulfill its alleged promises, and tolling the statute during the eighty-four days that Walton's EEO complaint was pending, Walton's lawsuit was filed within the six-month contractually mandated time limit.[1]

### 2. *The Two-Year Statute of Limitations*

In the alternative, Federal Express argues that the case was not filed within the two-year statute of limitations for breach of an oral promise under California law. Cal. Code Civ. P. § 339(1). The last operative promise by Federal Express was allegedly breached on September 30, 2005, when Walton received his promotion to shuttle driver in Ontario, but did not receive the pay exception allegedly promised. Under California's two year statute of limitations, the cause of action arguably accrued on that date and Walton was required to bring suit by September 30, 2007.[2] However, Walton contends that, once he discovered the breach of promise and brought it to the attention of Federal Express, he was misled into believing that corrective action would be taken. Thus, he argues that Federal Express should be estopped to assert the statute of limitations defense.

---

[1]The date on which Walton's cause of action accrued remains a disputed issue of fact. Federal Express argues that the operative breach in this case is alleged to have occurred on September 30, 2005 when Walton transferred to the Ontario facility and did not receive what he was allegedly promised. Walton contends Federal Express is equitably estopped from claiming his cause of action accrues at that point, because Federal Express continued to make false assurances of performance and string him along until April 2007. Whether it was reasonable for Walton to wait until April 2007 to pursue his internal administrative remedies or whether he should have filed an EEO complaint in the fall of 2005 is a question for the jury. If a jury finds that Walton should have initiated review with EEO in the fall of 2005, then Walton did not give timely notice because he did not initiate his claim within the six-month period. In that case, Walton would not be entitled to equitable tolling and his suit would be barred by the contractual six month statute of limitations.

[2]The Court notes, for the reasons explained in section II.A.1,supra, the doctrine of equitable tolling applies to extend by eighty-four days the date by which Walton was required to file suit. Thus, Walton met the statute of limitations by filing this lawsuit on December 19, 2007, four days before the tolled deadline of December 23, 2007.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0840 GAF (FFMx) | Date | October 8, 2009 |
|---|---|---|---|

| Title | Roger Walton v. Federal Express et al |
|---|---|

Ninth Circuit case law holds that an employer may be estopped from asserting the statute of limitations where an employee delays bringing suit based on the employer's conduct or representations on which the employee reasonably relies. Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000) (citing Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir. 1981)). Whether an employer should be estopped to assert the statute "should be determined 'on a case-by-case basis, depending on the equities in each case.'" Naton, 649 F.2d at 696. In this case, Walton claims, and submits a declaration in support of his claim, that Federal Express stalled, waffled, promised to take action, and after years of discussion finally told him that the he would not be given the promised back pay or pay raise. Whether Walton's statements are accurate, and Federal Express vigorously denies their truth, and whether Walton acted reasonably in waiting until December 2007 to file this lawsuit are questions of fact that cannot be resolved on summary judgment.

**B. THE BREACH OF CONTRACT CLAIMS**

Walton brings two contract claims: breach of contract and breach of implied contract. Federal Express contends that summary judgment should be granted on these claims because, under an at-will employment agreement, an employer not only has the right to terminate an employee without cause but also to unilaterally reduce the employee's pay. DiGiacinto v. Ameriko-Omserv Corp., 69 Cal. Rptr. 2d 300 (Ct. App. 1997). DiGiacinto examined and agreed with the reasoning of several earlier decisions holding that a cut in pay should be viewed as a termination of the old agreement and the offer of new employment which the employee could accept by continuing to work for the employer. Id. at 304-05. The Court notes that the principle announced in DiGiacinto has never been approved by the California Supreme Court, and further that it addresses a different situation than that presented here. In this case, the employer – rather than announcing a demotion or a pay cut – allegedly promised a promotion and raise. DiGiacinto does not imply that an employer can make repeated promises to an employee and never be held in breach even if it never performs, and Federal Express cites no authority that supports that proposition. The Court therefore concludes that Federal Express cannot ignore promises it made by pointing to the at-will nature of the employment agreement.

Moreover, Federal Express contends that, even if case law permitted a modification, the parties' express contract, which is in writing, cannot be modified except in writing. The agreement provides in pertinent part:

I acknowledge and agree that Federal Express has the absolute, unfettered right to change its policies, rules, regulations, and procedures unilaterally, at any time,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0840 GAF (FFMx) | Date | October 8, 2009 |
|---|---|---|---|
| Title | Roger Walton v. Federal Express et al | | |

without prior notice. I ALSO AGREE THAT MY EMPLOYMENT AND COMPENSATION CAN BE TERMINATED WITH OR WITHOUT CAUSE AND WITHOUT NOTICE OR LIABILITY WHATSOEVER, AT ANY TIME, AT EITHER MY OR THE COMPANY'S OPTION. I FURTHER UNDERSTAND THAT NO MANAGER OR REPRESENTATIVE OF THE COMPANY, OTHER THAN THE CEO, OR ANY SENIOR VICE PRESIDENT DESIGNATED BY THE CEO HAS ANY AUTHORITY TO ENTER INTO ANY AGREEMENT FOR EMPLOYMENT WITH ME FOR ANY SPECIFIED PERIOD OF TIME *OR TO AMEND THIS AGREEMENT IN ANY MANNER.* MOREOVER ANY SUCH AMENDMENTS SHALL BE IN WRITING.

(Steffey Decl., Ex. A (emphasis added).) However, Federal Express presents no evidence that the written contract contains a provision regarding the specific compensation that Walton was to receive, and the Court has scrutinized the written agreement and identified no such term. Because a promise regarding a pay raise is neither an amendment to the written employment agreement nor an agreement for employment over a specified period of time, modification provision of the contract is simply not applicable here.

Accordingly, the 2005 promise is enforceable and Federal Express's motion for summary judgment on the breach of contract claim is **DENIED.**

Federal Express also contends that, where an express contract contains an at-will employment provision, an employee cannot overcome its terms by submitting evidence indicating an implied contrary understanding. Guz v. Bechtel Nat'l Inc., 24 Cal.4th 317, 340 n.10 (2000). The Court agrees. However, as the Court has already explained, the at-will nature of Walton's employment does not prevent him from enforcing an *independent* promise. Walton does not allege a promise contrary to the meaning of the express written employment contract. See Foley v. Interactive Data Corp, 47 Cal.3d 654, 680 n.23 (1988) (distinguishing the case from others where implied-in-fact modifications of written at-will employment contracts were precluded, because in Foley the written agreements were silent on the subject and, thus, arguably consistent with an alleged implied promise, and finding the supplemental implied agreement could be enforced). Instead, Walton alleges Federal Express made a supplemental agreement with Walton, by way of an express oral promise, to provide him with certain benefits.

Nevertheless, Walton has not stated a claim for breach of implied in fact contract; his claim is for breach of express contract. "A cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract, except that the promise is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED
CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0840 GAF (FFMx) | Date | October 8, 2009 |
|---|---|---|---|
| Title | Roger Walton v. Federal Express et al | | |

expressed in words but is implied from the promisor's conduct." <u>Yari v. Producers Guild of Am., Inc.</u> 161 Cal. App. 4th 172, 182 (2008). Walton's second cause of action describes Federal Express's promises as "express" multiple times and in several different ways. For example, Walton alleges "Plaintiff accepted employment and remained employed by defendant based upon defendants expressed promises of such pay and reimbursement" (FAC ¶ 24), "FEDEX and WALTON specifically agreed that if WALTON would transfer . . . FEDEX would (1) change his job classification, (2) increase his pay. . . , and (3) reimburse him for back pay. . ." (<u>id.</u> ¶ 25). Walton contends the failure to honor these promises constitutes a breach of implied contract, but Walton's complaint repeatedly describes the agreement as express. The Court finds, therefore, that Walton's claim is one for breach of contract ***not*** for breach of implied in fact contract. <u>See</u> Witkin, Restatement 2d Contracts § 4. Accordingly, the Court concludes that the motion for summary judgment on the breach of implied in fact contract claim must be **GRANTED**.

## C. BREACH OF THE COVENANT OF GOOD FAITH

Walton includes a breach of the covenant of good faith claim arising out of Federal Express's alleged failure to perform its promise. In these circumstances, the breach of covenant claim adds nothing to the case. The California Supreme Court in <u>Foley v. Interactive Data Corp</u>. held that a breach of covenant claim cannot be pursued in employment cases on a tort theory and, at most, states a claim for breach of contract. Moreover, a breach of covenant claim becomes an issue only where there is no basis for a breach of a specific contract term – in this case the alleged promise to promote, give a raise and pay back wages. <u>Id.</u> at 700. In other words, if an employee cannot show the breach of an express or implied contract term, the employee may not pursue a claim for breach of the implied covenant of good faith and fair dealing. <u>See, e.g.</u>, <u>Guz</u>, 24 Cal.4th at 351-52; <u>Flait v. N. Am. Watch Corp.</u>, 3 Cal. App. 4th 467, 480-81 (1992). Accordingly, the motion for summary judgment as to the breach of covenant claim is **GRANTED**.

## D. PROMISSORY ESTOPPEL

In this case, Walton contends that he is entitled to recover on a theory of promissory estoppel. Citing to <u>Youngman v. Nevada Irr. Dist.</u>, 70 Cal. 2d 240, 249-50 (1969), Federal Express insists that the doctrine does not apply because the doctrine is a substitute for consideration, but that consideration is already present in this case in the form of Walton's performance of services in exchange for the promises. The Court agrees. Walton alleges that Federal Express made certain promises and that he rendered services on the understanding that those promises would be performed. Walton has not persuasively distinguished <u>Youngman</u>.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED
CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0840 GAF (FFMx) | Date | October 8, 2009 |
|---|---|---|---|
| Title | Roger Walton v. Federal Express et al | | |

The motion for summary judgment on this claim is **GRANTED.**

**III.
CONCLUSION**

For the foregoing reasons, the Court concludes that there are genuine issues of material fact for trial regarding the statute of limitations affirmative defense and Walton's contention that enforcement of the statute of limitations should be equitably estopped. The motion for summary judgment on the basis of the defense is **DENIED.** Likewise, the Court concludes that the question of whether and what promises were made to Walton cannot be determined as a matter of law, and that the motion for summary judgment on the express contract claim is **DENIED**. The undisputed facts permit the Court to rule on the breach of implied contract, the breach of covenant of good faith and fair dealing and the promissory estoppel claims. Summary judgement is **GRANTED** in favor of Federal Express on those claims.

**IT IS SO ORDERED.**